**UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA**

www.flsb.uscourts.gov

## CHAPTER 13 PLAN (Individual Adjustment of Debts)

| | | |
|---|---|---|
| ☐ | _____ | Original Plan |
| ■ | FOURTH | Amended Plan (Indicate 1st, 2nd, etc. Amended, if applicable) |
| ☐ | _____ | Modified Plan (Indicate 1st, 2nd, etc. Modified, if applicable) |

DEBTOR: Marco Alves Andrade        JOINT DEBTOR: Gian Daquino        CASE NO.: 25-21203-LMI

SS#: xxx-xx- 7092        SS#: xxx-xx-8647

### I.    NOTICES

To Debtors:     Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans shall be served upon all creditors and a certificate of service filed with the Clerk pursuant to Local Rules 2002-1 (C)(5), 3015-1(B)(2), and 3015-2. Debtor(s) must commence plan payments within 30 days of filing the chapter 13 petition or within 30 days of entry of the order converting the case to chapter 13.

To Creditors:     Your rights may be affected by this plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified or eliminated.

To All Parties:     The plan contains no nonstandard provisions other than those set out in paragraph IX. Debtor(s) must check one box on each line listed below in this section to state whether the plan includes any of the following:

| | | |
|---|---|---|
| The valuation of a secured claim, set out in Section III, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ■ Not included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section III | ☐ Included | ■ Not included |
| Nonstandard provisions, set out in Section IX | ■ Included | ☐ Not included |

### II.    PLAN PAYMENTS, LENGTH OF PLAN AND DEBTOR(S)' ATTORNEY'S FEE

A.    **MONTHLY PLAN PAYMENT:** This Plan pays for the benefit of the creditors the amounts listed below, including trustee's fees of 10%, beginning 30 days from the filing/conversion date. In the event the trustee does not retain the full 10%, any unused amount will be paid to unsecured nonpriority creditors pro-rata under the plan:

1.   $1,929.37        for months   1   to   60   ;

B.    **DEBTOR(S)' ATTORNEY'S FEE:**        ☐ NONE        ☐ PRO BONO

| Total Fees: | $5,200.00 | Total Paid: | $5,000.00 | Balance Due: | $200.00 |
|---|---|---|---|---|---|

| Payable | $196.22 | /month (Months   1   to   1   ) |
|---|---|---|
| Payable | $3.78 | /month (Months   2   to   2   ) |

Allowed fees under LR 2016-1(B)(2) are itemized below:
Safe Harbor: $5,000.00 Attorney's Fees + $200.00 Costs = $5,200.00

Applications for compensation must be filed for all fees over and above the Court's Guidelines for Compensation.

### III.    TREATMENT OF SECURED CLAIMS        ☐ NONE

A.    **SECURED CLAIMS:**    ■ NONE

B.    **VALUATION OF COLLATERAL:**    ■ NONE

C.    **LIEN AVOIDANCE**    ■ NONE

D.    **SURRENDER OF COLLATERAL:**    ■ NONE

E.    **DIRECT PAYMENTS**    ☐ NONE

Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.

The debtor(s) elect to make payments directly to each secured creditor listed below. The debtor(s) request that upon confirmation of this plan the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors. Nothing herein is intended to terminate or abrogate the debtor(s)' state law contract rights.

Name of Creditor        Last 4 Digits of Account No.   Description of Collateral (Address, Vehicle, etc.)

Debtor(s): Marco Alves Andrade, Gian Daquino    Case number: 25-21203-LMI

| | Name of Creditor | Last 4 Digits of Account No. | Description of Collateral (Address, Vehicle, etc.) |
|---|---|---|---|
| 1. | Citizens Bank POC#1 | 9570 | 2021 Ford Transit - VIN: 1FTBR3X8XMKA07768 |
| 2. | Santander Bank POC#2 | 1000 | 2021 Volkswagen Tiguan - VIN: 3VV3B7AX3MM119256 |

**IV.    TREATMENT OF FEES AND PRIORITY CLAIMS** [as defined in 11 U.S.C. §507 and 11 U.S.C. § 1322(a)(4)]   ☐ NONE

    **A.    ADMINISTRATIVE FEES OTHER THAN DEBTORS(S)' ATTORNEY'S FEE:** ☐ NONE

> 1. Name: Florida Department of Revenue, Bankruptcy Unit POC#17
>
> Payment Address: P.O. BOX 8045
> TALLAHASSEE, FL 32314-8045
>
> Total Due: ____$83,052.05____
> Payable ___$1,384.20___ /month (Months __1__ to _60_ )

    **B.    INTERNAL REVENUE SERVICE:** ☐ NONE

> Total Due: ____$9,360.51____    Total Payment ____$9,360.51____
> Payable: ____$156.01____ /month (Months __1__ to _60_ )

    **C.    DOMESTIC SUPPORT OBLIGATION(S):** ■ NONE

    **D.    OTHER:** ■ NONE

**V.    TREATMENT OF UNSECURED NONPRIORITY CREDITORS**    ☐ NONE

    A.    Pay ____$0.00____ /month (Months __1__ to _1_ )

         Pay ____$192.44____ /month (Months __2__ to _2_ )

         Pay ____$196.22____ /month (Months __3__ to _60_ )

    Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

    B.    ☐ If checked, the Debtor(s) will amend/modify to pay 100% to all allowed unsecured nonpriority claims.

    C.    SEPARATELY CLASSIFIED:    ■ NONE

**VI.    STUDENT LOAN PROGRAM** ■ NONE

**VII.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES** ☐ NONE

Secured claims filed by any creditor/lessor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.

    ■ Unless provided for under a separate section, the debtor(s) request that upon confirmation of this plan, the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors/lessors. Nothing herein is intended to terminate or abrogate the debtor(s)' state law contract rights.

| | Name of Creditor | Collateral | Acct. No. (Last 4 Digits) | Assume/Reject |
|---|---|---|---|---|
| 1. | Claudio Scorpo | 8011 NE Bayshore CT Miami, FL 33138 | 7092 | ■ Assume ☐ Reject |

**VIII.    INCOME TAX RETURNS AND REFUNDS:**

    ■ The debtor(s) is hereby advised that the chapter 13 trustee has requested that the debtor(s) comply with 521(f) 1-4 on an annual basis during the pendency of this case. The debtor(s) hereby acknowledges that the deadline for providing the Trustee with their filed tax returns is on or before May 15 of each year the case is pending and that the debtor(s) shall provide the trustee (but not file with the Court) with verification of their disposable income if their gross household income increases by more than 3% over the previous year's income. [Miami cases]

**IX.    NON-STANDARD PLAN PROVISIONS** ☐ NONE

    ■ Nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

Debtor(s): Marco Alves Andrade, Gian Daquino    Case number: 25-21203-LMI

Confirmation of the plan shall not bar Debtor's counsel from filing an Application for Compensation for any work performed before confirmation.

☐  Mortgage Modification Mediation

## PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON PLAN CONFIRMATION.

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

_____  Debtor  04/08/2026              _____  Joint Debtor  04/08/26
Marco Alves Andrade                     Date          Gian Daquino                                    Date

/s/ Jose A. Blanco, Esq.              _____
                                            Date
Attorney with permission to sign on
Debtor(s)' behalf who certifies that
the contents of the plan have been
reviewed and approved by the
Debtor(s).[1]

By filing this document, the Attorney for Debtor(s) or Debtor(s), if not represented by counsel, certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form Chapter 13 Plan and the plan contains no nonstandard provisions other than those set out in paragraph IX.

_____

[1] This certification requirement applies even if the Debtor(s) have executed a limited power of attorney to Debtor(s)' attorney authorizing the attorney to sign documents on the Debtor(s)' behalf.